FILED
2019 Aug-01 AM 09:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARILYN BROWN and AARON R. GRINDSTAFF, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:16-CV-01739-KOB ) |
| GADSDEN REGIONAL MEDICAL CENTER LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiffs Marilyn Brown and Aaron R. Grindstaff sued Gadsden Regional Medical Center (GRMC); Triad Holdings V, LLC; Triad of Alabama, LLC; and Professional Account Services, Inc. for breach of contract, conversion, breach of implied contract, and breach of fiduciary duty. Each count also alleged conspiracy. On September 18, 2017, this court entered an Order granting Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," (doc. 14), dismissing all claims. (Doc. 34).

On October 4, 2018, the Eleventh Circuit affirmed in part, vacated in part, and remanded this case. (Doc. 39). Specifically, the Eleventh Circuit affirmed this court's dismissal of Plaintiffs' breach of express contract claim and conversion claim. But the Eleventh Circuit vacated this court's entry of judgment in favor of GRMC on Plaintiff's breach-of-fiduciary-duty claim because this court *sua sponte* granted summary judgment in favor of GRMC without providing Plaintiffs with notice and an opportunity to respond to the motion for summary judgment. The Eleventh Circuit remanded the breach-of-fiduciary-duty claim back to this court for further proceedings.

1

On October 10, 2018, this court entered an Order notifying Plaintiffs of the court's intent to *sua sponte* address the breach of fiduciary duty claim on summary judgment. (Doc. 40). GRMC subsequently filed a motion for summary judgment on the breach of fiduciary duty claim on November 12, 2018. (Doc. 43). Plaintiffs responded to both the court's order regarding *sua sponte* review and GRMC's motion for summary judgment on the breach of fiduciary duty claim on December 3, 2018. (Doc. 45). GRMC then filed its reply on December 17, 2018. (Doc. 46). The motion is now ripe for review.

I. Background

This case centers on Ms. Brown's and Mr. Grindstaff's claims that GRMC improperly placed liens on their automobile insurance medical-payments ("med-pay") benefits instead of seeking payment directly from their personal healthcare insurance provider, Blue Cross Blue Shield.

Blue Cross and GRMC have several provider agreements in which the hospital agrees to submit bills of member patients directly to Blue Cross for reimbursement. ██████████
████████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████
██████████████████████████████████████████
████████████████████████████████████████
██████████████████
████████████████████████████████████████

[redacted]

On March 23, 2012, Ms. Brown was admitted to GRMC for emergency medical services following an automobile accident. (Doc. 15-1 at 2). Her hospital bills totaled $11,978.00. (Doc. 22-11 at 3). Michael Cotton, the Chief Financial Officer of GRMC, stated that GRMC's records contain no indication that Ms. Brown or her daughter informed GRMC that Ms. Brown had Blue Cross insurance during that visit. (*Id.*). Instead, GRMC claims it received information that the alleged at-fault driver's automobile insurance would be responsible for the medical bills, which Ms. Brown neither admits nor denies. (Doc. 14 at 9; Doc. 21 at 8). On April 16, 2012, GRMC filed a Notice of Hospital Lien regarding Ms. Brown's medical expenses. (Doc. 1-8 at 15).

On September 11, 2012, Ms. Brown arrived at GRMC for a pre-operation examination, during which GRMC alleges she indicated for the first time that she had private health insurance through Blue Cross. (Doc. 14 at 9). Ms. Brown states that—while she neither admits nor denies the truthfulness of whether she indicated she had private health insurance during her first visit— GRMC knew by September 2012 that she was insured by Blue Cross. (Doc. 21 at 8; Doc. 45-1 at 2). She does not explain how GRMC allegedly knew of her insurance by September 2012.

GRMC claims that Ms. Brown maintained that the at-fault driver's automobile insurance would cover the medical expenses, even during her September 11, 2012 examination. (Doc. 14 at

9). After Ms. Brown's September 17, 2012 surgery, GRMC alleges that it submitted her expenses to Blue Cross, which paid the bills. (*Id.*). Ms. Brown does not dispute this fact. (Doc. 21 at 9).

GRMC released the lien on September 4, 2015, although GRMC does not explain why. (Doc. 15-2 at 2).

Ms. Brown does not dispute that GRMC filed a document titled "Release of Lien" on September 4, 2015, but alleges that the document was worthless. (Doc. 21 at 10). Ms. Brown was also insured by Alfa Insurance, her automobile insurer, which provided her with $1,000 in med-pay coverage for the automobile accident. (Doc. 22-13 at 2). She claims that Alfa refused to recognize the release, and insisted on paying Ms. Brown's med-pay benefits jointly to her and GRMC. (*Id.* at 10, 19). Ms. Brown's attorney sent a letter to the claims adjuster at Alfa Insurance, Chad Wills, informing Alfa that Ms. Brown never received her med-pay coverage. (Doc. 22-31 at 2). Mr. Wills replied on September 12, 2016 that Ms. Brown has available med-pay coverage for up to $1,000, but because outstanding balances existed for GRMC and Blue Cross, the lien balances would be included on any payments for the available med-pay. (Doc. 22-13 at 2).

Mr. Grindstaff alleges similar facts to Ms. Brown, although his injuries resulted from a different automobile accident. On May 14, 2014, Mr. Grindstaff was treated at GRMC after an automobile accident. (Doc. 1-7 at 200; Doc. 43 at 3). Mr. Grindstaff's medical bills totaled $53,009.95. (Doc. 43 at 3). On June 16, 2014, GRMC filed a hospital lien regarding this treatment. (Doc. 43-1 at 2). On or before July 31, 2014, GRMC also filed claims with Mr. Grindstaff's personal insurance, Blue Cross. (Doc. 22-23 at 2).

Mr. Grindstaff had automobile insurance with Alfa, and was entitled to $5,000 in med-pay benefits. (Doc. 22-27 at 3). In his affidavit, Mr. Grinstaff states that his med-pay benefits were denied because of the lien GRMC filed against him. (Doc. 45-2 at 2). Alfa refused to issue the check solely to Mr. Grindstaff, and would only write the check out to Mr. Grindstaff and GRMC jointly. (*Id.*). As a result, Mr. Grindstaff states that he "was required to pay a little less than $4,000 in out of pocket medical expenses." (*Id.* at 3).

When it filed the claims with Blue Cross, GRMC discounted the bills by $49,829.35. (Doc. 22-23 at 2). GRMC released the lien on October 24, 2014, although it did not state why. (Doc. 43-2 at 2). Blue Cross paid the remaining $3,130.60 to GRMC after the discount. (Doc. 22-23 at 2). Mr. Grindstaff was responsible for a $50.00 copay to GRMC. (*Id.*).[1]

Ms. Brown filed this case as a putative class action against GRMC and other defendants on July 9, 2015, in the Circuit Court of Etowah County, Alabama, alleging breach of contract, conversion, breach of implied contract, and breach of fiduciary duty. (Doc. 1-1). Mr. Grindstaff was added as a plaintiff in the amended complaint filed on October 7, 2016. Second Amended Class Action Petition for Damages, Brown v. Gadsden Reg'l Med. Ctr., LLC, No. 31-CV-2015-900560.00 (Ala. Cir. Ct. Oct. 7, 2016), Doc. 137. Defendants removed this case to federal court on October 24, 2016. (Doc. 1).

On November 7, 2016, Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment. (Doc. 14). This court granted the motion to dismiss in its entirety on September 18, 2017, and dismissed the case. (Doc. 34). It treated the motion to dismiss as to the breach of fiduciary duty claim as a motion for partial summary judgment. (*Id.*). On

---

[1] Based upon the briefs and evidence submitted, the court cannot find any facts or allegations regarding when or if Mr. Grindstaff's initial payment of "a little less than $4,000" was returned.

5

September 25, 2017, Ms. Brown and Mr. Grindstaff appealed the court's order dismissing the case. (Doc. 35).

On October 4, 2018, the Eleventh Circuit affirmed this court's opinion, except as to the breach of fiduciary duty claim. (Doc. 39). The Eleventh Circuit vacated this court's entry of judgment in favor of GRMC on Plaintiff's breach of fiduciary duty claim because this court *sua sponte* granted summary judgment in favor of GRMC without providing Plaintiffs with notice and an opportunity to respond to the motion for summary judgment. The Eleventh Circuit remanded the breach of fiduciary duty claim back to this court for further proceedings. So, that claim is the only claim remaining before this court.

**II. Standard of Review**

Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that

there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

In response, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added).

The court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). The court must refrain from weighing the evidence and making credibility determinations, because these decisions fall to the province of the jury. *Id.* at 255.

Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion only if no genuine issues of material fact exist and if the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

### III. Discussion

GRMC contends that Plaintiffs' claim for breach of fiduciary duty fails as a matter of law. Ms. Brown and Mr. Grindstaff allege that GRMC owed a fiduciary duty to them because GRMC stood "in a position of trust or confidence [to Plaintiffs as a result of their medical treatment] . . . [and GRMC is] not allowed by law to make a profit at the expense of said insured

7

patients." (Doc. 1-1 at 21). Because GRMC is the only entity in possession of the information necessary to submit Plaintiffs' medical bills to Blue Cross, GRMC allegedly violated its fiduciary duty by intentionally refusing to submit Ms. Brown's and Mr. Grindstaff's medical bills directly to Blue Cross. GRMC allegedly further violated this duty by knowingly and wrongfully filing hospital liens against Ms. Brown and Mr. Grindstaff.

GRMC contends that Plaintiff's claim for breach of fiduciary duty fails for four reasons: (1) hospitals are not fiduciaries of patients; (2) under Alabama's hospital lien statute, GRMC is a creditor, not a fiduciary, of Plaintiffs; (3) GRMC has not breached a fiduciary duty, if one exists; and (4) Plaintiffs have no damages.

Under Alabama law, a fiduciary relationship exists when one person has gained the trust of or inspired confidence in another person that he will act in good faith with the other's interest in mind. *See K&C Dev. Corp. v. AmSouth Bank, N.A.*, 597 So. 2d 671, 675 (Ala. 1992) ("[The duty] arises in cases in which confidence is reposed and accepted, or influence acquired, and in all the variety of relations in which dominion may be exercised by one person over another." (quoting *Bank of Red Bay v. King*, 482 So. 2d 274, 284 (Ala. 1985))).

Alabama courts have not considered whether a fiduciary duty extends from hospitals to patients, but the courts have been clear that a fiduciary duty does not exist between a physician and a patient. *See Gunter v. Huddle*, 724 So. 2d 544, 546 (Ala. Civ. App. 1998) ("In contrast, Alabama caselaw holds that a physician-patient relationship is *not* a fiduciary relationship as a matter of law."); *see also Mitchell v. Harris*, 246 So. 2d 684 (Ala. 1974) (noting that, while a physician may have influence over a patient in some circumstances, such a confidential relationship does not necessarily exist in all contexts).

But rather than focus on the labels of parties, Alabama law focuses on the nature of the relationship between the parties to determine if a fiduciary duty exists. Generally, "Alabama law does not restrict '[t]he fiduciary relation . . . to such confined relations as trustee and beneficiary, partners, principal and agent, guardian and ward, managing directors and corporation, etc.'" *Jumbo v. Ala. State Univ.*, 229 F. Supp. 3d 1266, 1273 (M.D. Ala. 2017) (quoting *Line v. Ventura*, 38 So. 3d 1, 12 (Ala. 2009)).

Plaintiffs allege that a fiduciary duty was established by the nature of the interdependent relationship between Plaintiffs and GRMC. The Alabama Supreme Court has previously found that the relationship between a dentist, his patients, and their insurance company is interdependent. *See Ex parte Blue Cross & Blue Shield of Ala.*, 773 So. 2d 475, 480 (Ala. 2000) ("The record establishes both explicitly and implicitly that Dr. Guthrie and his patients contracted together in reliance on the contractual obligation of Blue Cross to pay for dental services covered by the policy between Blue Cross and the patients.").

Even assuming that a fiduciary duty based on an interdependent relationship exists between GRMC and Plaintiffs, Ms. Brown failed to establish that this fiduciary duty existed at the time of the alleged breaches. Ms. Brown initially came in for treatment on March 23, 2012, and GRMC filed its lien against her on April 16, 2012. GRMC alleges[2] that it did not learn of Ms. Brown's Blue Cross insurance until September 11, 2012. (Doc. 14 at 9). And Ms. Brown neither admits nor denies this allegation, instead only responding that "in September 2012,

---

[2] The court acknowledges that GRMC states as a fact that it first learned of Ms. Brown's Blue Cross insurance on September 11, 2012 and cites to the affidavit of Michael Cotton. (Doc. 14 at 9). Upon review of Mr. Cotton's affidavit, the court notes that Mr. Cotton in no way mentions Ms. Brown's September 2012 visit, only that she did not inform GRMC of her insurance during her March 2012 visit. (Doc. 15-1 at 3). So, the court will construe GRMC's statement as an allegation, and not a fact, because GRMC has not offered evidence in support of this allegation that GRMC first learned of her Blue Cross insurance in September 2012.

within six months of Ms. Brown's March 23, 2012, emergency-room visit to GRMC, GRMC knew that Ms. Brown was insured by Alabama Blue Cross," although she never explains *how* GRMC purportedly knew of her Blue Cross insurance. (Doc. 23 at 8). So, even if an interdependent relationship can create a fiduciary duty, Ms. Brown failed to establish that GRMC was aware of that interdependent relationship at the time she was initially treated and should have submitted the claim to Blue Cross *or* at the time GRMC filed the lien. She neither pleads nor presents evidence that she disclosed her Blue Cross coverage in March 2012. GRMC could not have a duty to submit a claim to insurance that it did not know existed. *See DiBiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So. 2d 454, 461 (Ala. 2008) (listing foreseeability of harm as a consideration in determining whether a duty exists). So, under this theory of an interdependent relationship, without evidence that Ms. Brown disclosed her coverage with Blue Cross, no duty existed between GRMC and Ms. Brown.

And even assuming that Mr. Grindstaff and Ms. Brown each have an interdependent relationship with GRMC, Plaintiffs' only law supporting a fiduciary duty derived from an interdependent relationship comes from *Jumbo v. Alabama State University*. The Middle District of Alabama explained that "[w]hile no court has distilled the inquiry [of whether a fiduciary duty exists] into a factor- or element-based analysis, the common thread seems to be one party's dependence on or subjugation by the other." *Jumbo*, 229 F. Supp. 3d at 1273 (footnote omitted).

In *Jumbo*, Nigerian students sued Alabama State University for withholding sponsorship money submitted to the university from the Nigerian government for the students' expenses and limiting the use of the funds to particular school expenses, and at times using the funds as the school's slush fund. 229 F. Supp. 3d at 1269–70, 1273. The court determined that a fiduciary relationship existed because the university had "overmastering influence" over the students. But

10

such a relationship was essentially a trustee–beneficiary relationship, although not labeled as such. The school, acting as trustee for the students' funds, misappropriated the funds intended for the beneficiaries, the students.

In this case, Plaintiffs argue that their dependence on GRMC to file their medical claims with their insurer presents the same kind of influence or dominion as the school in *Jumbo*. But here, GRMC merely acts as a middleman between Blue Cross and its patients insured by Blue Cross, with *no* discretion regarding the submission of medical bills, as Plaintiffs repeatedly point out. (Doc. 45 at 9–14). In *Jumbo*, the school held the purse strings and determined what qualified as an expense covered by the funds in that purse. Here, Blue Cross, not GRMC, holds the purse strings. And GRMC has no influence or dominion to determine whether it will submit a medical bill to Blue Cross. Instead, GRMC is contractually obligated to submit all medical claims for Blue Cross insured patients to Blue Cross.

The court acknowledges Plaintiffs' frustration. Plaintiffs relied on GRMC to submit their medical expenses to Blue Cross. But breach of fiduciary duty is not the appropriate avenue to seek review. GRMC did *not* assert influence; it simply failed to fulfil a contractual obligation with Blue Cross.

Plaintiffs also contend that a party can voluntarily undertake a fiduciary duty, and that GRMC did so in this case. The court does not dispute that a party can voluntarily assume a duty. *See Dailey v. City of Birmingham*, 378 So. 2d 728, 729 (Ala. 1979) ("Alabama clearly recognizes the doctrine that one who volunteers to act, though under no duty to do so, is thereafter charged with the duty of acting with due care and is liable for negligence in connection therewith."). But Plaintiffs provide no evidence of GRMC voluntarily assuming a fiduciary duty. Instead, Plaintiffs merely rely on GRMC's contracts with Blue Cross—the same contracts about which

this court determined Plaintiffs are *not* third-party beneficiaries. (Doc. 34 at 5–6). And, as this court explained in its previous Memorandum Opinion, because Plaintiffs are not third-party beneficiaries, they cannot sue to enforce the contract between GRMC and Blue Cross. (*Id.*). This argument does not differ at all from Plaintiffs' arguments that a fiduciary duty exists under the interdependent relationship.

Because GRMC had no influence over Plaintiffs regarding the submission of their medical claims to Blue Cross, GRMC did not have a fiduciary duty to Plaintiffs. And because GRMC did not owe a fiduciary duty to Plaintiffs, Plaintiffs cannot establish a cause of action for breach of fiduciary duty against GRMC. So, the court must GRANT GRMC's motion for summary judgment. (Doc. 43).

**IV. Conclusion**

For the reasons discussed above, the court will GRANT Defendant GRMC's motion for summary judgment. (Doc. 43). Because the breach of fiduciary duty claim was the only claim remaining, the court will also DIRECT the Clerk of Court to close this case. The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 1st day of August, 2019.

*[signature]*

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE